IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00707-MSK

QFA ROYALTIES LLC, a Delaware limited liability company; and
QIP HOLDER LLC, a Delaware limited liability company,

       Plaintiffs,

v.

JAIME CARMONA, individually; and
GLORIA CARMONA, individually,

       Defendants.

---

### ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND ENTERING PRELIMINARY INJUNCTION AS TO MR. JAIME CARMONA

---

**THIS MATTER** comes before the Court on Plaintiffs QFA Royalties LLC's and QIP Holder LLC's Motion for Preliminary Injunction **(#6)** (the "Motion").

The Plaintiffs initiated this action on March 26, 2010 against two Defendants, Jaime Carmona and Gloria Carmona. The dispute arises out of a Franchise Agreement between the parties to operate a Quiznos Restaurant in Florida. The Plaintiffs generally allege that they have terminated the Agreement but the Defendants continue to operate the restaurant as a Quiznos Restaurant in violation of the Franchise Agreement and the Lanham Act. The Plaintiffs bring five claims for relief: (1) trademark infringement under the Lanham Act; (2) false designation of origin, false description and representation under the Lanham Act; (3) breach of contract; (4)

unfair competition and deceptive trade practices under the Colorado Consumer Protection Act; and (5) violation of the Colorado Uniform Trade Secrets Act.

On March 31, 2010, the Plaintiffs moved for a preliminary injunction **(#6)** enjoining the Defendants from violating the Plaintiffs' trademarks and from unfairly competing with the Plaintiffs in violation of the Lanham Act and the Franchise Agreement. The Court scheduled a non-evidentiary law and motion hearing on the Motion and ordered the Plaintiffs to effectuate service on Defendants. On April 5, 2010 the Summons, Complaint, Motion for Hearing, Motion for Preliminary Injunction, and the Court's Order setting the hearing were individually served on Mr. Carmona **(#12)**. The same day, substitute service of these documents was made on Ms. Carmona through her husband at the place of business **(#13)**.

No response was filed to the Motion. The Plaintiffs filed a Supplement **(#15)**[1] arguing that the Motion had been confessed and requesting that the hearing be vacated and the preliminary injunction be entered. As the Supplement was not filed as a Motion, however, the Court did not consider the Plaintiffs' requests for relief and proceeded with the hearing.

Neither Defendant appeared at the hearing. The Court noted that Mr. Carmona was properly served under Fed. R. Civ. P. 4(e)(2)A), which authorizes personal service on an individual, but questioned whether service on Ms. Carmona, which was made through her husband at the place of business, was proper. Although service on a spouse at a place of business is not proper under either Fed. R. Civ. P. 4 or Colo. R. Civ. P. 4, the Plaintiffs assert that such service is proper under Fla. Stat. § 48.031(2)(a), which permits substitute service on a

---

[1] This filing was labeled a "Reply", but as there was no response to the motion, such designation is not appropriate. Therefore, the Court considers it to be a Supplement to the Motion for Preliminary Injunction.

2

spouse at any place in the county if the action is not between the spouses, the spouse requests such service, and the spouse and the person to be served reside together in the same dwelling. The Plaintiffs offered to submit further evidence substantiating that service was proper under Florida law. Accordingly, the Court granted the Motion as to Mr. Carmona but deferred ruling on the Motion as it pertained to Ms. Carmona until the Plaintiffs could demonstrate that service was properly effectuated on her.

Based on the assertions set forth in the Plaintiffs' Motion, which Mr. Carmona is deemed to have confessed, the Court finds that (1) the Plaintiffs are suffering, and will continue to suffer, irreparable injury from Mr. Carmona's conduct in the form of consumer confusion and injury to Quiznos' name, trademarks, reputation, and goodwill; (2) the injury to the Plaintiffs outweighs any damage Mr. Carmona may suffer from the issuance of an injunction; (3) an injunction will serve the public interest; and (4) Plaintiffs are likely to succeed on their Lanham Act and breach of contract claims against Mr. Carmona.

**IT IS THEREFORE ORDERED** that

1. Pending determination of this matter on the merits, Mr. Carmona, and his agents, servants, and employees, are preliminarily enjoined from violating the Lanham Act and the Franchise Agreement such as by using the Plaintiffs' trademarks, identifying any of their business as associated with Quiznos, and from having any direct or indirect interest in any competing business within five miles of the previously franchised restaurant or any other Quiznos restaurant.

2. A bond of $ 2500 shall be posted by the Plaintiffs and will remain in place in connection with this Preliminary Injunction.

3. Within ten (10) days after entry of this Order, Mr. Carmona shall file with the Court and serve upon the Plaintiffs' counsel a written report, under oath, setting forth in detail the manner in which he and his agents, servants, and employees have complied with this Order.

4. This Order shall remain in full force and effect during the pendency of this case until further Order of the Court.

Dated this 29th day of April, 2010

                    **BY THE COURT:**

                    _____

                    Marcia S. Krieger
                    United States District Judge